IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE J. ABBEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 22-337-E ) |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 29th day of December, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]     Plaintiff argues that the findings of the Administrative Law Judge ("ALJ") regarding his residual functional capacity ("RFC") is not supported by substantial evidence for two primary reasons:  First, Plaintiff contends that the ALJ's assessment of his mental limitations is insufficient because it is not supported by an RFC assessment done by a treating or examining mental health provider.  Second, he asserts that the ALJ's findings lack sufficient support because despite finding both state agency consultants' opinions to be generally persuasive, he failed to account fully for some of their opined limitations without discussion.  The Court disagrees on each count and finds instead that substantial evidence supports the ALJ's RFC findings and his ultimate determination that Plaintiff is not disabled.

Plaintiff's first argument fundamentally misconstrues an ALJ's duties under the Social Security Administration's regulations and governing Third Circuit case law.  Not only is an ALJ not obligated to base his or her RFC findings directly on the opinion or assessment of a treating or examining physician, the ALJ need not base the RFC determination specially on ***any*** medical opinion.  An RFC assessment is an administrative, not a medical, one, and "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).  *See also* 20 C.F.R. §§ 416.920b(c)(3), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996).  This is consistent with the Third Circuit's consistent postulation that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."  *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert).  As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties."  174 Fed. Appx. at 11.  Accordingly, an ALJ is not prohibited from making an RFC assessment even if no doctor has specifically made the same findings, let alone a treating or examining doctor.  *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).  The Court further notes that Plaintiff did not offer any functional capacity assessment or opinion from any of his treating mental health providers despite the fact that it was his burden to provide evidence of his disability.  *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(a).

In any event, this was not a case completely devoid of medical opinions.  As Plaintiff acknowledges, there were two relevant state agency opinions that the ALJ did consider and that he found to be generally persuasive.  He argues, however, that the mental limitations included in the RFC – that he was limited to performing simple, routine tasks and to no more than frequent interactions with people in the workplace (supervisors, co-workers, or the public) (R. 26) – did not adequately account for the state agency consultants' opinions.  Specifically, he asserts that the consultants' assessments that he was moderately limited in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, as well as in his ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms were not reflected in the RFC, which he points out contained

no limitations regarding his attendance or off-task time.  This argument, however, invokes the type of "categorical" thinking in regard to the substantial evidence standard rejected by the United States Supreme Court in *Biestek*, 139 S. Ct. at 1154 (clarifying that the substantial evidence threshold is "not high" and that "[i]t  means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (quoting *Consolidated Edison of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

As Plaintiff points out, both Lori Anne Young, Psy.D., in her January 20, 2021 opinion, and Timothy Michael Ostrich, Psy.D., in his May 6, 2021 opinion, did in fact state that Plaintiff was moderately limited in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, as well as in his ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms. (R. 82, 106).  However, this was not the entirety of their opinions.  Dr. Young further stated that Plaintiff "is able to meet basic mental demands on a sustained basis despite the limitations resulting from impairments" and that he "is capable of performing within a schedule and at a consistent pace."  (R. 84).  Dr. Ostrich further stated that Plaintiff is "able to meet basic mental demands to complete 1-2 step tasks on a sustained basis despite the limitations resulting from their mental health impairments," that he is able to carry out very short and simple instructions and make simple decisions, and that he "would not require special supervision in order to sustain a routine."  (R. 100, 108, 109).  Plaintiff's contentions notwithstanding, the Court finds that the ALJ's findings adequately and fairly addressed these opinions.

The Court first notes that "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight.'"  *Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citations omitted).  Plaintiff appears to admit this, but argues that, by failing to include any restrictions in the RFC pertaining to off-task time or attendance, the ALJ failed to account for the assessments that he was moderately limited in his ability to perform activities within a schedule, maintain regular attendance, be acceptably punctual, and complete a normal workday and workweek without interruptions from psychologically-based symptoms with no explanation for why he rejected these findings.  However, this does not accurately reflect the ALJ's decision or the agency opinions themselves.

The ALJ did not "reject" or ignore these findings, and in fact, he expressly noted that the consultants had found Plaintiff to have moderate difficulties concentrating, persisting, and maintaining pace. (R. 29).  However, he also considered both consultants' opinion that Plaintiff could perform work on a sustained basis if limited to simple tasks.  (*Id.*).  Accordingly, he limited Plaintiff to work requiring the performance of only simple, routine tasks.  (R. 26).  The ALJ therefore did account for moderate limitations in concentration and pace by acknowledging Plaintiff's limitations in complex work settings.  While Plaintiff argues that this was insufficient, there is no requirement for any specific off-task or attendance limitation to accompany opinions of such moderate limitations.  Neither Dr. Young nor Dr. Ostrich opined that Plaintiff would be off-task or absent any specific amount of time.  To the contrary, both opined that Plaintiff could engage in sustained activity under certain circumstances.  Their opinions, therefore, were not

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED as set forth herein.

s/Alan N. Bloch  
United States District Judge

ecf:       Counsel of record

---

inconsistent with the ALJ's RFC findings, and the ALJ was not required to explain why he had omitted limitations to which no medical source had opined.

    What the ALJ was required to do was to explain the basis for his RFC assessment sufficiently to allow the Court to determine whether it was supported by substantial evidence. The ALJ did just so here, discussing not only the "generally persuasive" opinions of the state agency consultants, but also objective evidence such as generally normal mental status examinations, Plaintiff's conservative treatment and medication history, and his activities of daily living. The Court agrees that the evidence relied upon by the ALJ constitutes substantial evidence, as defined by the regulations and the Supreme Court, and therefore affirms.